GUSTAVE C. GENNERT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9228.   Promulgated December 10, 1947.

*Harry W. Stelle, Esq.*, for the petitioner.
*Bernard D. Hathcock, Esq.*, for the respondent.

1100

**OPINION.**

HILL, *Judge*: The validity of the partnerships only with respect to Florence's interest therein is the first question before us. There is no claim that Florence contributed any services or that her claimed partnership interest was a gift to her. The validity of Florence's claimed partner status is staked by petitioner on the claim of a capital contribution by her. Petitioner spells out Florence's contribution to the partnership from the cancellation of the bonds and from the unpaid loan of $8,000. On the state of the record we can not conclude that Florence was a partner in the business within the purview of the Federal tax statutes.

We will assume for present purposes that petitioner made a valid gift of the bonds to Florence, although the record is not fully convincing that such is the fact. Neither the bonds nor any of the com-

pany's records were produced or offered in evidence to show (a) the transfer of the bonds to Florence by petitioner, (b) that the interest accruing thereon was thereafter credited to her account, or (c) the cancellation of the bonds. Petitioner admitted that the company's records covering the period of such claimed transactions were in existence, but stated that it was inconvenient to bring them into court.

But, assuming Florence owned the bonds, their cancellation is not established by the record as a contribution by her to the partnership. The bonds were canceled and a partnership purporting to include Florence was formed, but no relationship between these two events is established. There is no evidence or admitted fact in the pleadings that the cancellation of the bonds was in consideration of an economic or equitable interest of Florence in the assets of the company or in the partnership.

Petitioner also contends that payment of the $8,000 note given by the company to Florence was assumed by the partnership and that its nonpayment constitutes a capital contribution by her to the partnership. There is no evidence or admitted fact to support the contention that the partnership assumed payment of the $8,000 note. Nor is there any evidence as to what disposition, if any, was made of the note. It was not produced at the hearing or offered in evidence. No record of the company or of the partnership was offered in evidence respecting this note transaction. Neither of the partnership agreements was offered in evidence, notwithstanding copies of such agreements were available at the hearing if desired for that purpose. If, however, it should be held, as contended by petitioner, that payment of the note was assumed by the partnership, such assumption would not constitute a capital contribution to the partnership. It would constitute only a debtor-creditor relationship between the partnership and Florence. Moreover, the $8,000 note evidenced a loan to the company from proceeds of the $10,000 mortgage bond which was the joint and several primary obligation of petitioner and Florence. The bond was paid apparently in quarter-yearly installments of $250 each over a period of about ten years, but there is no evidence in the record as to who paid it. Since about $6,750 of the bond was paid during the existence of the company and the remainder during the existence of the partnership, it may well be, for all the record shows that the entire bond obligation was paid with funds of the company and the partnership. If so. it could not be successfully contended that Florence either made a contribution of the amount of the $8,000 note to the capital of the partnership or that the partnership is indebted to her in respect of the note, even if the note should still be outstanding.

On this state of the record we think petitioner has failed to sustain

his burden of proving that Florence made a capital contribution to the partnership.

For the reasons above indicated we are unable to say on the basis of the record before us that petitioner and Florence really intended to join together for the purpose of carrying on a business. We hold, therefore, that the amount of partnership income allocated to Florence in each of the three years here in question is chargeable to petitioner for income tax purposes.

The remaining question involves the statute of limitations. Petitioner alleges that the deficiency determined is barred by the statute of limitations with respect to the years 1939 and 1940. It is true, as admitted by respondent, that petitioner's returns for 1939 and 1940 were timely filed. Therefore, if section 275 (a), Internal Revenue Code, were applicable, a determination of deficiency with respect to the calendar years 1939 and 1940 would have been timely only if made on or before March 15, 1943 and 1944, respectively. The deficiency was determined June 29, 1945. However, in his returns for both 1939 and 1940 petitioner, as we have held above, understated his gross income by an amount which is in excess of 25 per cent of the gross income reported in those returns. The situation here, therefore, falls squarely within the purview of section 275 (c), Internal Revenue Code, which provides that under such circumstances a deficiency in tax may be determined within five years of the due date of the return. Moreover, on March 1, 1945, which was before the expiration of the five-year limitation period prescribed in section 275 (c), petitioner consented in writing to the extension to June 30, 1946, of the period of limitation for both the 1939 and 1940 returns. Therefore, since the deficiency notice for the calendar year 1939 was mailed on June 29, 1945, the statute of limitations is not a bar to respondent's determination as to that year. With respect to the return for 1940, the deficiency notice was mailed on June 29, 1945, which was well within the applicable five-year period of limitation. Accordingly, on the question of the statute of limitations, we hold for respondent.

*Decision will be entered for respondent.*